UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEE DANIEL HATCHER** | : | **CASE NO. 2:22-CV-02881** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **AMAZON.COM SALES INC ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff. Doc. 6. The motion is opposed by defendant, Amazon Sales, Inc. ("Amazon"). Doc. 13. The time for filing a reply has lapsed, and the motion is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion to remand be **GRANTED.**

### I.
#### BACKGROUND

Plaintiff filed suit in the 36th Judicial District Court, Parish of Beauregard, State of Louisiana on June 25, 2021. Doc. 1, att. 2, p. 1. The petition alleges that plaintiff Lee Daniel Hatcher ("Hatcher") sustained damages to his person and property after his vehicle was struck by a truck driven by Reinier Alvarez-Lopez ("Alvarez-Lopez") and owned by Rene Fidel Torres Cuesta ("Cuesta"). *Id.*, ¶ 2. The petition further alleges that Alvarez-Lopez was delivering packages for Amazon and was in the course and scope of his employment with Amazon and Cuesta at the time of the incident. *Id.*, p. 2, ¶ 3. Named as defendants were Amazon, Cuesta, Alvarez-

Lopez, and USAA Casualty Insurance Co. (USAA CIC), plaintiff Hatcher's uninsured/underinsured motorist insurer. *Id.*, p. 1, ¶ 1.

Amazon removed the case to this court more than one year after it was filed, on August 18, 2022, under 28 U.S.C. § 1332, § 1441 and § 1446. Doc. 1. The Notice of Removal asserts that this court may exercise federal diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and the plaintiff has a different citizenship from each of the defendants. Doc. 1, p. 2-3 (citing 28 U.S.C. § 1332 (a)). Amazon asserts that Hatcher stipulated that the amount in controversy exceeds $75,000 in overdue discovery responses provided Amazon on July 21, 2022, and that this qualifies as "bad faith" concealment of the amount in controversy that should exempt this matter from the typical one-year removal bar for diversity cases. Doc. 1, p. 5 (citing doc. 1, att. 5, p. 9-10); 28 U.S.C. § 1446(c). Amazon also asserts that plaintiff Hatcher is a citizen of Louisiana, that defendants are not Louisiana citizens,[1] and that all "properly joined and served defendants consent to removal." Doc. 1, p. 5.

Hatcher filed a timely motion to remand. Doc. 6. Hatcher does not contest the amount in controversy or the citizenship of the parties, but Hatcher argues that this matter should be remanded on two bases: because the properly joined and served defendants did not unanimously consent to the removal and because the notice of removal was untimely under 28 U.S.C. § 1446(c), as removed one than one year after commencement of the action. Doc. 6.

As to consent, Hatcher focuses on the fact that neither individual defendant consented to the removal even though the state court record contained affidavits of service as to both. Doc. 6, att. 4-5, 8. Contained in the state court record at the time of the removal were affidavits of service

---

[1] The notice of removal alleges that Amazon is a Delaware corporation with its principal place of business in Washington, making it a citizen of Delaware and Washington. Doc. 1, p. 3. USAA CISC is alleged to be a Texas corporation with its principal place of business in Texas, making it a citizen of Texas. *Id.* Individual defendants Cuesta and Alvarez-Lopez are alleged to be citizens of Texas. *Id.*

attesting that Hatcher's counsel sent certified copies of the citation and petition to Cuesta and Alvarez-Lopez via certified mail on June 30, 2021, and again to Cuesta on June 23, 2022.[2] Hatcher also attaches the affidavit of plaintiff's counsel indicating that she was contacted by counsel for Cuesta on August 12, 2021, who requested a 15-day extension to answer, but whose representation of Cuesta ended with preparation of the pro se answer Cuesta never filed. Doc. 6, att. 6.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ . . . ] citizens of different States [ . . . ]." 28 U.S.C. § 1332 (a)(alteration added).

When, as here, "civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (a)(2)(A). This has been dubbed the "unanimity of consent rule." *Ortiz v. Young*,

---

[2] Hatcher relied on Louisiana's long-arm statute to serve Cuesta and Alvarez-Lopez, who are both alleged to be residents of Texas. Hatcher mailed certified copies of the citation and petition to defendant Alvarez-Lopez on or about June 30, 2021, via certified mail. Doc. 6, att. 4 (affidavit of service via certified mail). Hatcher's counsel received a green return receipt as to Alvarez-Lopez reflecting that the mailing was delivered on or about July 6, 2021. *Id.* An affidavit of service as to Alvarez-Lopez was filed into the record on July 19, 2021. *Id.* (reflecting state-court filing stamp). On or about June 30, 2021, Hatcher attempted long-arm service on Cuesta via certified mail, but never received the green return receipt from that mailing. Doc. 6, att. 5, p. 1. To prepare to take a default judgment, plaintiff's counsel again mailed certified copies of the citation and petition to defendant Cuesta approximately one year later on June 23, 2022, and counsel received a green return receipt reflecting that the mailing was delivered on or about July 1, 2022. Doc. 6, att. 1, p. 10, att. 8. An affidavit of service as to Cuesta was filed into the record on July 15, 2022. Doc. 6, att. 8 (reflecting state-court filing stamp).

431 F. App'x 306, 307 (5th Cir. 2011). A violation of this rule renders a removal procedurally defective, requiring remand. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

### A. Unanimity of Consent to Removal

Hatcher argues that this case was improperly removed because Amazon did not obtain the consent of defendants Cuesta and Alvarez-Lopez before removing.[3] Amazon's Notice of Removal reflects the understanding that neither Cuesta nor Alvarez-Lopez received proper service of process. The Notice of Removal therefore argues that Cuesta and Alvarez-Lopez were not "properly joined and served" at the time of removal and their consent was unnecessary. Doc. 1, p. 5. Amazon acknowledges that the state court record contained affidavits of service as to both Cuesta and Alvarez-Lopez prior to removal. Doc. 1, p. 5.

Louisiana law determines whether Cuesta and Alvarez-Lopez were "properly joined and served" when Amazon removed the case on August 18, 2022. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)(the term "service of process" is defined by state law). Hatcher relied on Louisiana's Long Arm Statute to serve both Cuesta and Alvarez-Lopez, who are Texas residents. Doc. 6, att. 1, p. 8-10. Louisiana's Long Arm Statute, found at La. R.S. §13:3201, *et seq.*, provides that service upon a nonresident defendant may be

---

[3] Hatcher served copies of the citation and petition on defendants Amazon and USAA CIC through their Louisiana agents for service of process on July 2, 2021. Doc. 6, att. 2-3. USAA CIC consented to the removal in writing. Doc. 13, att. 11. The court does not address Hatcher's argument that this consent was procedurally insufficient.

accomplished by sending a copy of the summons and complaint via registered or certified mail. La. R.S. § 13:3204(A).  Service under this statute is perfected upon transmittal of the suit via registered or certified mail, or by personal delivery. *Ramsay v. Rusnak*, No. 12-614, 2013 WL 4039405 *8 (M.D. La. Aug. 7, 2013) (noting that while Louisiana's Long Arm Statute requires the filing of an affidavit of service for the taking of default judgment, service may be perfected prior to the filing of such affidavit); *Wood v. Hackler*, 276 So. 3d 1136, 1141 (La. App. 2 Cir. 2019), *writ denied,* 285 So. 3d 490 (La. 2019) (quoting *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 1 Cir. 2000) *writ denied*, 770 So. 2d 349 (La. 2000)).

The United States Court of Appeals, Fifth Circuit, recognizes several exceptions to the unanimity of consent rule, including the exception that a removing defendant is not required to obtain consent from "non-forum defendants who have not been served at the time of removal." *Moten v. Mesa Underwriters Specialty Ins. Co.*, No. 6:21-CV-01920, 2021 WL 6066917, at *2 (W.D. La. Nov. 12, 2021), *report and recommendation adopted*, No. 6:21-CV-01920, 2021 WL 6066911 (W.D. La. Dec. 22, 2021).  Related to this exception is the rule applied in this district that a removing defendant is entitled to rely on the state court record, and that the defendant need not seek consent of a co-defendant when the state court record is silent as to service attempts on that co-defendant. *Wamsley v. Ditzler*, No. 2:13-CV-2924, 2014 WL 1030085, at *4 (W.D. La. Mar. 17, 2014).  Amazon invokes this exception, arguing that it is not clear that either defendant received proper service because the return receipt as to Alvarez-Lopez contains an illegible signature and therefore only shows that someone received the mailing, not that Alvarez-Lopez received it [doc. 13, p. 5], and because both attempts at service on Cuesta were mailed to an address in Spring, Texas, that police records suggest is the residence of Mr. Cuesta's brother Riedel Torres. *Id.* at 5; doc. 13, att. 13.  This is a different scenario from one in which a defendant "had no way

of knowing that the plaintiff attempted service" on a particular co-defendant. *Wamsley*, 2014 WL 1030085, at *4.

"[T]he burden is on the removing defendant to determine which defendants have been served and secure consent from each of them." *Griffin v. Liberty Mut. Ins. Co.*, No. CIV.A. 14-2983, 2015 WL 1132745, at *3 (W.D. La. Mar. 11, 2015). Considering that service under Louisiana's long arm statute is perfected upon transmittal, that the state court record contained affidavits of service as to both Cuesta and Alvarez-Lopez before the removal, that both defendants appear to have have received actual notice of the litigation,[4] and that neither provided the required consent to removal, Amazon has not borne its burden of showing that the removal was procedurally proper and remand is therefore required. Although Amazon suggests an equitable exception to the unanimity of consent rule where defendants are unrepresented by counsel, the undersigned declines to adopt this suggestion as unsupported by citation to statute or jurisprudence.

**B. Timeliness**

As an additional argument in favor of remand, Hatcher argues that the removal was untimely because filed more than one year after commencement of the action. Doc. 6, att. 1 (citing 28 U.S.C. § 1446(c)). Amazon responds that Hatcher failed to produce requested medical records supporting the amount in controversy until after the one-year mark, qualifying as bad faith under 28 U.S.C. § 1446 (c). Doc. 13, p. 7. In support of its argument, Amazon points to a series of communications it says demonstrates Hatcher's bad faith. Those communications began with Amazon's October 13, 2021, discovery requests to Hatcher requesting, *inter alia*, copies of relevant medical records and whether "the amount of damages you are claiming exceeds $75,000

---

[4] In its opposition to the motion to remand, Amazon acknowledges that it "appears that Plaintiff may now be able to establish actual notice as to both Mr. Cuesta and Mr. Alvarez Lopez." Doc. 13, p. 7.

- 6 -

exclusive of interest and costs." Doc. 1, p. 4. After repeated requests for response, including a motion to compel, that series of communications culminated in Amazon's receipt of Hatcher's long-sought discovery responses on July 21, 2022—less than one month after the one-year bar—which stipulated that the amount in controversy exceeds $75,000 and attached requested medical records, all of which dated from March 26, 2022, or earlier. Doc. 1, p. 4-5.

If a case is not initially removable, a defendant may file a notice of removal "within 30 days after receipt [ . . . ] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (alteration added). Notwithstanding the "other paper" rule, in cases where the federal court exercises only diversity jurisdiction under 28 U.S.C. § 1332, a case may not be removed more than one year after it is filed, absent bad faith on the part of the plaintiff to prevent removal. 28 U.S.C. § 1446(c). Deliberate failure to disclose the amount in controversy to prevent removal qualifies as bad faith for the purposes of this rule:

> (A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).
>
> (B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

28 U.S.C. § 1446(c)(3)(A)-(B).

Had the removal been otherwise procedurally proper, we would recommend that plaintiff's delay in providing discovery responses—and in particular medical records dating from three months before the one-year mark—qualifies as bad faith for the purposes of 28 U.S.C. § 1446(c). However, remand is recommended because the Notice of Removal fails to comply with the

requirement that all defendants who have been properly joined and served consent to removal. 28 U.S.C. § 1446(a)(2)(A).

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 8] be **GRANTED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE